[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-14215

Non-Argument Calendar

_____

ZURICH AMERICAN INSURANCE COMPANY,

> Plaintiff-Counter Defendant-
> Appellee,

*versus*

TAVISTOCK RESTAURANTS GROUP, LLC,

> Defendant-Counter Claimant-
> Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 6:20-cv-01295-PGB-EJK

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

This appeal presents the question of whether the COVID-19-related business losses suffered by Tavistock Restaurants Group, LLC—a restaurant owner and operator—constituted "direct physical loss of or damage" to its property under a policy issued by Zurich American Insurance Company. In a recently-decided a case involving an insured's claim for COVID-19 losses under a similar insurance contract provision, we held that, under Georgia law, "direct physical loss of or damage to" property requires a "tangible change to a property." *Henry's La. Grill, Inc. v. Allied Ins. Co. of Am.*, 35 F.4th 1318, 1320–21 (11th Cir. 2022) (internal quotation marks omitted). Because none of Tavistock's alleged COVID-19-related losses involved a tangible change to its property, we conclude that the district court properly granted judgment on the pleadings to Zurich and dismissed Tavistock's counterclaim. We thus affirm.

## I.    BACKGROUND

As of March 2020, Tavistock owned and operated approximately 80 restaurants. Tavistock had an "All Risk" commercial property insurance policy from Zurich. Under the policy, Zurich

agreed to insure "against direct physical loss of or damage" to Tavistock's property. Doc. 82-1 at 14.[1]

At the beginning of the COVID-19 pandemic, state and local governments across the country, including in the communities where Tavistock operated restaurants, issued stay-at-home orders that prohibited in-person dining in restaurants. As a result, some of Tavistock's restaurants offered only take-out services, and others were forced to close for a period of time. Later, Tavistock was permitted to resume in-person dining operations. Concerned about the presence of COVID-19 particulates in the air and on surfaces at its restaurants, Tavistock took steps to mitigate the spread of COVID-19 by, among other things, installing new barriers and removing some furniture and workstations at its restaurants.

Tavistock submitted a claim to Zurich for the losses it sustained because of the pandemic. Zurich denied the claim, concluding there was no coverage under the policy because Tavistock had not sustained a "direct physical loss of or damage to [its] property." Doc. 82-2 at 3.

Zurich filed this lawsuit seeking a declaration that the policy did "not provide coverage for Tavistock's claimed losses arising out of the spread of the COVID-19 [v]irus." Doc. 1 at ¶ 15. Tavistock filed an answer to the complaint and brought a counterclaim, seeking a declaratory judgment that it was entitled to coverage under

---

[1] "Doc." numbers refer to the district court's docket entries.

the policy because it had "sustained direct physical loss of or damage to" its restaurants due to COVID-19. Doc. 82 at ¶ 169.

Zurich moved to dismiss Tavistock's counterclaim, arguing that Tavistock failed to state a claim that COVID-19 losses were covered under the policy. The district court granted Zurich's motion. As a preliminary matter, the court concluded that Georgia law governed the parties' dispute because the parties had executed the insurance contract in Georgia. The court explained that to establish a direct physical loss under Georgia law, Tavistock had to show that the presence of the COVID-19 virus "cause[d] a physical change to [its] restaurants." Doc. 112 at 9. The court concluded that the allegations in the counterclaim failed to establish that Tavistock experienced any physical change to its restaurants due to COVID-19. Because none of Tavistock's alleged losses qualified as a direct physical loss, the district court concluded that Tavistock had failed to state a claim for declaratory relief. The district court dismissed the counterclaim with prejudice.

After the district court dismissed the counterclaim, Zurich moved for judgment on the pleadings on its claim seeking a declaratory judgment that there was no coverage under the policy. The district court granted the motion, relying on its earlier determination that there was no coverage under the policy for Tavistock's alleged losses. The court then entered a judgment in favor of Zurich and against Tavistock. This is Tavistock's appeal.

## II.    STANDARDS OF REVIEW

"We review *de novo* an order granting judgment on the pleadings." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted). "In determining whether a party is entitled to judgment on the pleadings, we accept as true all material facts alleged in the non-moving party's pleading, and we view those facts in the light most favorable to the non-moving party." *Id.*

We review *de novo* an order granting a motion to dismiss a counterclaim for failure to state a claim. *See Lisk v. Lumber One Wood Preserving, LLC*, 792 F.3d 1331, 1334 (11th Cir. 2015). "We take the factual allegations in the [counterclaim] as true and construe them in the light most favorable to the [non-movant]." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Yet we need not accept the legal conclusions in the counterclaim as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). To avoid dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a counterclaim must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

6                   Opinion of the Court                 21-14215

## III.    DISCUSSION

The policy language at issue here provides that there is coverage only if Tavistock suffered a "direct physical loss of or damage . . . to" its property. Doc. 82-1 at 14. Although the phrase "direct physical loss of or damage . . . to" property is not defined in the policy, we recently interpreted under Georgia law identical language in another insurance policy. *See Henry's La. Grill*, 35 F.4th at 1320–21.[2]

In *Henry's Louisiana Grill*, we reviewed whether a district court erred in dismissing a restaurant's claim that there was coverage under its insurance policy for COVID-19-related losses. *See id.* at 1319. As in this case, the policy afforded covered when the restaurant sustained "direct physical loss of or damage to" its property. *See id.* (internal quotation marks omitted). Applying Georgia law, we explained that this term meant there was coverage only if the restaurant experienced "a tangible change to [its] property." *Id.* at 1320–21.

Tavistock disagrees with this interpretation, arguing that Georgia law does not require an insured to demonstrate a tangible

---

[2] The district court concluded that Georgia law applied to the insurance policy. Because Tavistock does not challenge this determination on appeal, we assume that Georgia law applies and deem abandoned any challenge to the district court's choice-of-law determination. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("[I]ssues not briefed on appeal . . . are deemed abandoned.").

change to property to establish direct physical loss of or damage to property. But this argument is foreclosed by our precedent. "[W]hen we have issued a precedential decision interpreting . . . state law, our prior precedent rule requires that we follow that decision, absent a later decision by the state appellate court casting doubt on our interpretation of that law." *EmbroidMe.com, Inc. v. Travelers Prop. Cas. Co. of Am.*, 845 F.3d 1099, 1105 (11th Cir. 2017). Because there is no decision from a Georgia appellate court casting doubt on our interpretation of Georgia law, we are bound by *Henry's Louisiana Grill*.

Notably, Tavistock does not argue on appeal that the district court erred in concluding that it had not alleged a tangible change to its property. Even assuming Tavistock preserved this issue, we cannot say that the district court erred in concluding that it failed to allege a tangible change. Although Tavistock alleged that the virus was present on surfaces and in the air of its restaurants, we recognized in *Henry's Louisiana Grill* that the introduction of the COVID-19 virus into a place did not result in any tangible change to the property. 35 F.4th at 1321. We explained that the presence of the virus in a place did not "effect[] any actual, physical change" on the property because the "mere presence of the virus . . . did not destroy or ruin" it. *Id.*

Tavistock also alleged that it was forced to shutter its dining rooms due to government orders. But we concluded in *Henry's Louisiana Grill* that a government order requiring a restaurant to cease in-person dining operations had "no physical effect on the

property" because it "did not destroy, ruin, or even damage any part of the restaurant." *Id.*

Because Tavistock failed to identify direct physical loss of or damage to a property—a prerequisite to recover under the policy—Zurich properly denied its claim.[3] Accordingly, the district court did not err when it granted Zurich's motion for judgment on the pleadings or when it dismissed Tavistock's counterclaim.

## IV.    CONCLUSION

For the above reasons, we affirm.

**AFFIRMED.**

---

[3] Because the policy provides no coverage, we need not consider the parties' arguments about whether any of the policy's exclusions would have barred coverage.